EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

<table>
<tr><td>TIMOTHY W. CALKINS and<br>CHRISTINE A. CALKINS,</td><td>)<br>)<br>)<br>)</td><td></td></tr>
<tr><td>Plaintiffs,</td><td>)<br>)</td><td>Civil Action No. 04-12044-GAO</td></tr>
<tr><td>v.</td><td>)<br>)</td><td></td></tr>
<tr><td>HARRAH'S ENTERTAINMENT, INC.,<br>HARRAH'S OPERATING COMPANY,<br>INC., RIO PROPERTIES, INC., RIO<br>HOTEL & CASINO, INC. d/b/a RIO<br>ALL-SUITE HOTEL & CASINO and the<br>RIO,</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td></td></tr>
<tr><td>Defendants.</td><td>)<br>)<br>)</td><td></td></tr>
</table>

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1.     This is a personal injury action brought by the plaintiffs Timothy W. Calkins and

Christine A. Calkins against the defendants Harrah's Entertainment Inc., Harrah's Operating

Company, Inc., Rio Properties, Inc., and Rio Hotel & Casino, Inc. d/b/a Rio All-Suite Hotel &

Casino and the Rio.  On or about August 14, 2002, Mr. Calkins sustained substantial injuries at

the Rio in Las Vegas, Nevada when one of Rio's employees, unbeknownst to Mr. Calkins,

negligently and carelessly removed a chair from behind Mr. Calkins before he went to sit down

on it, causing him to lose his balance and strike his head and neck forcefully on a Roulette table

behind him.

## II. PARTIES

2.      The plaintiff Timothy W. Calkins is a resident of 2 Landing Drive, Brewster, Barnstable County, Massachusetts.

3.      The plaintiff Christine A. Calkins is a resident of resident of 2 Landing Drive, Brewster, Barnstable County, Massachusetts and is lawfully married to Timothy Calkins.

4.      The defendant Harrah's Entertainment, Inc. is a corporation with a principal place of business and/or corporate headquarters at One Harrah's Court, Las Vegas, Nevada.

5.      The defendant Harrah's Operating Company, Inc. is a corporation with a principal place of business and/or corporate headquarters at One Harrah's Court, Las Vegas, Nevada.

6.      The defendant Rio Hotel & Casino, Inc. is a corporation with a principal place of business and/or corporate headquarters at One Harrah's Court, Las Vegas, Nevada.

7.      The defendant Rio Properties, Inc. is a corporation with a principal place of business and/or corporate headquarters at 3475 Las Vegas Blvd, Las Vegas, Nevada.

8.      On information and belief, CSC Services of Nevada, Inc. is the registered agent for all four defendants and has an address of 502 East John Street, Room E, Carson City, Nevada.

## III. JURISDICTION

9.      Jurisdiction over the defendant is proper under M.G.L. c. 223A, §§3(a).

10.     On information and belief, the defendants use a variety of media and other forms of advertisement to reach persons and/or businesses located in the Commonwealth of Massachusetts including the internet. On information and belief, Mr. and Mrs. Calkins were initially enticed to stay at the Rio through the internet, where the Rio advertised its resort and casino. Their reservations were made and confirmed through the Rio's interactive web site from

Massachusetts. Subsequently, the Rio mailed confirmation materials and other promotional materials to the Calkins's home in Massachusetts. Furthermore, following the accident, the Rio continued to send marketing materials to the Calkins's home in Massachusetts. The Rio also advertises on television and through the Boston Globe's website, www.boston.com. Therefore, this combination of Rio's advertising and the plaintiffs' contacts with the defendant are sufficient to satisfy both the Massachusetts long-arm statute, M.G.L. c. 223A, § 3, as well as the due process clause of the United States Constitution. Sigros v. Walt Disney World, 129 F. Supp. 2d. 56 (D. Mass. 2001).

## IV. FACTS

### The Accident.

11.    Mr. Calkins is a 49-year old gentleman who was vacationing with his wife in Las Vegas from August 13, 2002 until August 20, 2002. At approximately 11:00 p.m. on August 14, 2002, Mr. Calkins was playing Roulette at the Rio. Mr. Calkins stood up from a chair on which he had been sitting and leaned forward to place a bet. While Mr. Calkins was standing, and unbeknownst to him at the time, an employee of the Rio walked behind him and removed Mr. Calkins's chair from its position. Mr. Calkins was unaware that the chair had been moved. When Mr. Calkins went to sit down, he lost his balance and fell backward, hitting his head and neck on a Roulette table behind him, and then fell to the floor. He suffered two gashes in the back of his head, bled profusely while lying immobilized and disoriented from the trauma, and immediately felt severe head and neck pain.

12.    A paramedic, who happened to be at the Rio at that time, rendered emergency assistance at the scene. The paramedic knew that the size of the open wound and blood loss needed medical attention and Mr. Calkins vaguely recalls that he suggested that he get stitches.

3

However, because Mr. Calkins was somewhat disoriented from the fall and was not aware of the nature and severity of his injuries at the time, he did not immediately go to a hospital. Shortly after he was able to orient himself from the traumatic fall, Mr. Calkins heard one of the Rio managers tell some Rio employees to hurry and "clean up the blood," an expression which callously lacked concern about the health and well-being of Mr. Calkins, who was still lying on the floor, and reflected greater concern about alienating the gambling public.

13.    Furthermore, despite his apparent injuries, no one from the Rio insisted that he be taken to an emergency room, got him ice for his wound, or otherwise helped him get to his room. Mr. Calkins was dazed, upset, and could not sleep because of the severe headache, neck pain, tingling along one side of his face, and sore eyes. His pillowcase was soaked with the blood which had hemorrhaged out of his head over the night. Mr. Calkins had a restless night without sleep because of the pain. The following day, Mr. Calkins's pain in his head and neck did not improve. His eye sight was blurred on and off all day. Despite knowing of Mr. Calkins's fairly traumatic fall, no one from the Rio called his room to see how Mr. Calkins was feeling or to see if he needed any follow-up medical attention.

14.    On Thursday, August 15, 2002, Mr. Calkins had another restless night because of the throbbing pain. He became increasingly concerned when the tingling by his left eye and his "fuzzy" vision did not resolve on their own. On Friday, August 16, 2002, at approximately 6:30 a.m., Mrs. Calkins asked someone at the security desk where she could bring her husband to seek medical attention. No one from the Rio offered to give them a ride or help in any way. Mr. and Mrs. Calkins took a cab and checked into the Emergency Room at Desert Springs Hospital at approximately 7:30 a.m. Mr. Calkins was seen by Donald H. Reisch, M.D., who diagnosed Mr.

4

Calkins with head injuries and post-concussion syndrome. Dr. Reisch prescribed narcotic medication for Mr. Calkins's injuries. Mr. Calkins had x-rays, a CT scan, and blood work.

### Evidence of Rio's Liability.

15.    Around mid-morning on August 15, 2002, Mrs. Calkins spoke with Mr. Dennis Lindenbach, Risk Manager at Rio Suites, who was not particularly cooperative or sympathetic. Because Mrs. Calkins was not present when her husband fell, Mrs. Calkins requested to see the videotape so that they could see exactly how the accident happened. Mr. Lindenbach initially denied that Rio's electronic surveillance cameras would have caught the incident on tape.

16.    However, the next day, Mrs. Calkins met with Mr. Lindenbach in a conference room. Mrs. Calkins asked for a second time about whether there was a videotape of the incident so that she could have some better understanding of her husband's trauma. Mr. Lindenbach finally admitted reluctantly, and contrary to his prior assertions, that he had seen the tape of Mr. Calkins's fall and that an employee had, in fact, moved the chair just before his fall.

### The Plaintiff's Injuries, Medical Treatment, and Other Damages.

17.    During the time period shortly after the accident, Mr. Calkins experienced severe headaches and pain as well as persistent tingling in his left hand. More concerning, for six to eight months after the accident, he suffered cognitive defects, which included short-term memory loss and difficultly concentrating.

18.    Mr. Calkins initially underwent a conservative course of physical therapy treatment, which included heat and ice massage, therapeutic massage, whirlpool, ultrasound, TENS/electrical stimulation, therapeutic exercise as pain allows, instruction in body mechanics, progression of total treatment program as pain allows, functional exercise and conditioning, aquatherapy, and cervical traction.

19.     Eventually, Mr. Calkins underwent MRI studies, which showed evidence of cervical disc bulges, and which his neurosurgeon concludes resulted from the head and neck trauma he sustained at the Rio.

20.     The negligent acts and failure to take corrective actions by Rio's employee have irreparably changed the lives of Mr. and Mrs. Calkins for the worse. Mr. Calkins continues to suffer constant neck and shoulder pain, which is sharp at times. He also has headaches and tingling in his left arm and hand which have not abated since the accident. At present, it remains to be seen whether surgery is a viable option for Mr. Calkins to relieve his symptoms.

21.     For a period of time, Mr. Calkins was unable to do much work at all. Mr. Calkins had a difficult time performing the routine tasks of a self-employed plumber. Despite the pain, Mr. Calkins returned to work. However, for a significant period of time, he was unable to handle larger jobs that he was able to do before the accident. Initially, Mr. Calkins had a great deal of difficulty in performing routine work. To the present, his pain impacts his ability to work. As a result, he has suffered lost earning capacity and lost wages.

22.     As a direct and proximate result of the defendant's negligence, and the injuries resulting there from, Mr. Calkins has been limited and/or unable to engage in activities that he was unable to undertake prior to the accident for a considerable period of time. As a result, Mrs. Calkins suffered the loss of her husband's consortium, companionship, care, and assistance.

### COUNT I

#### NEGLIGENCE – HARRAH'S ENTERTAINMENT, INC.

23.     The plaintiffs repeat and reallege the allegations above as if fully stated herein.

24.     On or about August 14, 2002, the defendant Harrah's Entertainment, Inc. [HEI] owned and/or managed the property located at 3700 West Flamingo Road, Las Vegas, Nevada.

6

25.      As owner and operator of the property, HEI had a duty to the plaintiff Timothy

W. Calkins, as a business invitee on the premises, to maintain the property in a reasonably safe

condition and to warn of any unreasonable dangers of which the defendant was aware or should

reasonably have been aware.  Furthermore, HEI, having sufficient control over the premises, had

the duty to take reasonable and appropriate steps to prevent injury to Mr. Calkins, as a person

lawfully on the premises.

26.      On or about August 14, 2002, HEI breached this duty by failing to maintain said

premises in a safe and reasonable condition.

27.      As a direct and proximate result of the defendant's negligence as alleged herein,

the plaintiff was caused to suffer and will continue to suffer serious pain, physical disability, and

mental anguish.

28.      As a direct and proximate result of the defendant's negligence, the plaintiff has

undergone medical care and treatment and has incurred and will incur in the future medical

expenses for his care and treatment.

29.      As a direct and proximate result of the defendant's negligence, the plaintiff has

sustained lost wages and lost earning capacity.

## COUNT II

### NEGLIGENCE – HARRAH'S OPERATING COMPANY, INC.

30.      The plaintiffs repeat and reallege the allegations above as if fully stated herein.

31.      On or about August 14, 2002, the defendant Harrah's Operating Company, Inc.

[HOC] owned and/or managed the property located at 3700 West Flamingo Road, Las Vegas,

Nevada.

7

32.    As owner and operator of the property, HOC had a duty to the plaintiff Timothy W. Calkins, as a business invitee on the premises, to maintain the property in a reasonably safe condition and to warn of any unreasonable dangers of which the defendant was aware or should reasonably have been aware. Furthermore, HOC, having sufficient control over the premises, had the duty to take reasonable and appropriate steps to prevent injury to Mr. Calkins, as a person lawfully on the premises.

33.    On or about August 14, 2002, HOC breached this duty by failing to maintain said premises in a safe and reasonable condition.

34.    As a direct and proximate result of the defendant's negligence as alleged herein, the plaintiff was caused to suffer and will continue to suffer serious pain, physical disability, and mental anguish.

35.    As a direct and proximate result of the defendant's negligence, the plaintiff has undergone medical care and treatment and has incurred and will incur in the future medical expenses for his care and treatment.

36.    As a direct and proximate result of the defendant's negligence, the plaintiff has sustained lost wages and lost earning capacity.

### COUNT III

#### NEGLIGENCE – RIO PROPERTIES, INC.

37.    The plaintiffs repeat and reallege the allegations above as if fully stated herein.

38.    On or about August 14, 2002, the defendant Rio Properties, Inc. owned and/or managed the property located at 3700 West Flamingo Road, Las Vegas, Nevada.

39.    As owner and operator of the property, Rio Properties, Inc. had a duty to the plaintiff Timothy W. Calkins, as a business invitee on the premises, to maintain the property in a

8

reasonably safe condition and to warn of any unreasonable dangers of which the defendant was aware or should reasonably have been aware. Furthermore, Rio Properties, Inc., having sufficient control over the premises, had the duty to take reasonable and appropriate steps to prevent injury to Mr. Calkins, as a person lawfully on the premises.

40.    On or about August 14, 2002, Rio Properties, Inc. breached this duty by failing to maintain said premises in a safe and reasonable condition.

41.    As a direct and proximate result of the defendant's negligence as alleged herein, the plaintiff was caused to suffer and will continue to suffer serious pain, physical disability, and mental anguish.

42.    As a direct and proximate result of the defendant's negligence, the plaintiff has undergone medical care and treatment and has incurred and will incur in the future medical expenses for his care and treatment.

43.    As a direct and proximate result of the defendant's negligence, the plaintiff has sustained lost wages and lost earning capacity.

## COUNT IV

### NEGLIGENCE – RIO HOTEL & CASINO, INC. D/B/A RIO ALL-SUITE HOTEL & CASINO AND THE RIO

44.    The plaintiffs repeat and reallege the allegations above as if fully stated herein.

45.    On or about August 14, 2002, the defendant Rio Hotel & Casino, Inc. owned and/or managed the property located at 3700 West Flamingo Road, Las Vegas, Nevada.

46.    As owner and operator of the property, Rio Hotel & Casino, Inc. had a duty to the plaintiff Timothy W. Calkins, as a business invitee on the premises, to maintain the property in a reasonably safe condition and to warn of any unreasonable dangers of which the defendant was aware or should reasonably have been aware. Furthermore, Rio Hotel & Casino, Inc., having

9

sufficient control over the premises, had the duty to take reasonable and appropriate steps to prevent injury to Mr. Calkins, as a person lawfully on the premises.

47.    On or about August 14, 2002, Rio Hotel & Casino, Inc. breached this duty by failing to maintain said premises in a safe and reasonable condition.

48.    As a direct and proximate result of the defendant's negligence as alleged herein, the plaintiff was caused to suffer and will continue to suffer serious pain, physical disability, and mental anguish.

49.    As a direct and proximate result of the defendant's negligence, the plaintiff has undergone medical care and treatment and has incurred and will incur in the future medical expenses for his care and treatment.

50.    As a direct and proximate result of the defendant's negligence, the plaintiff has sustained lost wages and lost earning capacity.

## COUNT V

### NEGLIGENT HIRING, TRAINING, SUPERVISION, AND/OR RETENTION
### HARRAH'S ENTERTAINMENT, INC.

51.    The plaintiff repeats and realleges the allegations above as if fully stated herein.

52.    The defendant Harrah's Entertainment, Inc. is liable on the basis that it negligently hired, trained, supervised, and/or retained an employee whose negligence was caused Mr. Calkins to suffer serious pain, physical disability, and mental anguish and medical care and treatment and medical expenses as well as lost wages and lost earning capacity.

## COUNT VI

### NEGLIGENT HIRING, TRAINING, SUPERVISION, AND/OR RETENTION
### HARRAH'S OPERATING COMPANY, INC.

53.    The plaintiff repeats and realleges the allegations above as if fully stated herein.

10

54.    The defendant Harrah's Operating Company, Inc. is liable on the basis that it negligently hired, trained, supervised, and/or retained an employee whose negligence was caused Mr. Calkins to suffer serious pain, physical disability, and mental anguish and medical care and treatment and medical expenses as well as lost wages and lost earning capacity.

### COUNT VII

#### NEGLIGENT HIRING, TRAINING, SUPERVISION, AND/OR RETENTION
#### RIO PROPERTIES, INC.

55.    The plaintiff repeats and realleges the allegations above as if fully stated herein.

56.    The defendant Rio Properties, Inc. is liable on the basis that it negligently hired, trained, supervised, and/or retained an employee whose negligence was caused Mr. Calkins to suffer serious pain, physical disability, and mental anguish and medical care and treatment and medical expenses as well as lost wages and lost earning capacity.

### COUNT VIII

#### NEGLIGENT HIRING, TRAINING, SUPERVISION, AND/OR RETENTION
#### RIO HOTEL & CASINO, INC. RIO HOTEL & CASINO, INC. D/B/A
#### RIO ALL-SUITE HOTEL & CASINO AND THE RIO

57.    The plaintiff repeats and realleges the allegations above as if fully stated herein.

58.    The defendant Rio Hotel & Casino, Inc. is liable on the basis that it negligently hired, trained, supervised, and/or retained an employee whose negligence was caused Mr. Calkins to suffer serious pain, physical disability, and mental anguish and medical care and treatment and medical expenses as well as lost wages and lost earning capacity.

11

## COUNT IX

### VICARIOUS LIABILITY/RESPONDEAT SUPERIOR
### HARRAH'S ENTERTAINMENT, INC.

59.    The plaintiff repeats the allegations set forth above as if fully contained herein.

60.    The defendants Harrah's Entertainment, Inc., is vicariously liable for the negligence of the employee whose negligence caused Mr. Calkins to suffer serious pain, physical disability, and mental anguish and medical care and treatment and medical expenses as well as lost wages and lost earning capacity.

## COUNT X

### VICARIOUS LIABILITY/RESPONDEAT SUPERIOR
### HARRAH'S OPERATING COMPANY, INC.

61.    The plaintiff repeats the allegations set forth above as if fully contained herein.

62.    The defendants Harrah's Operating Company, Inc., is vicariously liable for the negligence of the employee whose negligence caused Mr. Calkins to suffer serious pain, physical disability, and mental anguish and medical care and treatment and medical expenses as well as lost wages and lost earning capacity.

## COUNT XI

### VICARIOUS LIABILITY/RESPONDEAT SUPERIOR
### RIO PROPERTIES, INC.

63.    The plaintiff repeats the allegations set forth above as if fully contained herein.

64.    The defendants Rio Properties, Inc., is vicariously liable for the negligence of the employee whose negligence caused Mr. Calkins to suffer serious pain, physical disability, and mental anguish and medical care and treatment and medical expenses as well as lost wages and lost earning capacity.

12

## COUNT XII

### VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

### RIO HOTEL & CASINO, INC. RIO HOTEL & CASINO, INC. D/B/A RIO ALL-SUITE HOTEL & CASINO AND THE RIO

65.    The plaintiff repeats the allegations set forth above as if fully contained herein.

66.    The defendants Rio Hotel & Casino, Inc., is vicariously liable for the negligence

of the employee whose negligence caused Mr. Calkins to suffer serious pain, physical disability,

and mental anguish and medical care and treatment and medical expenses as well as lost wages

and lost earning capacity.

## COUNT XIII

### LOSS OF CONSORTIUM

### HARRAH'S ENTERTAINMENT, INC., HARRAH'S OPERATING COMPANY, INC., RIO PROPERTIES, INC., RIO HOTEL & CASINO, INC. AND RIO HOTEL & CASINO, INC. D/B/A RIO ALL-SUITE HOTEL & CASINO AND THE RIO

67.    The plaintiffs repeat and reallege the allegations above as if fully stated herein..

68.    As a direct result of the defendants' negligence and the injuries suffered there

from, the plaintiff Christine A. Calkins has been deprived of the consortium, companionship,

comfort, care, assistance, society and services of her husband, Timothy W. Calkins.

WHEREFORE, the plaintiff respectfully requests that this Court:

A.    Enter judgment in favor of the plaintiffs on all Counts;

B.    Award actual damages in an amount to be determined at trial, including but not

limited to, damages for personal injury, pain and suffering, loss of consortium and other damages

against the defendant;

C.    Award costs and statutory interest in accordance with applicable law; and

D.    Grant such other and further relief as this Court deems just and proper.

13

## DEMAND FOR JURY TRIAL

The plaintiffs hereby demand a trial by jury on all Counts so triable.

The Plaintiffs,

TIMOTHY W. CALKINS and
CHRISTINE A. CALKINS

By their attorneys,

Christopher R. O'Hara (BBO # 548611)
Jeffrey N. Catalano (BBO # 567798)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626

Dated:  10/18/04

14