UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12044-GAO

TIMOTHY W. CALKINS and
CHRISTINE A. CALKINS,
Plaintiffs,

v.

HARRAH'S ENTERTAINMENT, INC., HARRAH'S OPERATING
COMPANY, INC., RIO PROPERTIES, INC., RIO HOTEL & CASINO, INC.
d/b/a RIO ALL-SUITE HOTEL & CASINO and the RIO,
Defendants.

<u>MEMORANDUM AND ORDER</u>
January 27, 2005

O'TOOLE, D.J.

In this personal injury action, the plaintiffs, Timothy W. Calkins and Christine A. Calkins, allege that while vacationing at the Rio All-Suite Hotel & Casino in Las Vegas, Nevada (the "Rio"), Mr. Calkins was injured when an employee of the Rio removed a chair from behind Mr. Calkins as he went to sit down, causing him to lose his balance and strike his head and neck on a roulette table behind him. The plaintiffs allege causes of action for negligence; negligent hiring, training, supervision and/or retention; vicarious liability; and loss of consortium against the defendants. The defendants moved to dismiss the complaint, the plaintiffs amended the complaint, and the defendants subsequently filed motions to dismiss the amended complaint for lack of personal jurisdiction, failure to serve a proper party, <u>forum non conveniens</u>, and failure to state a claim upon which relief can be granted. For the reasons discussed below, the defendants' motions are denied.

A.   <u>Insufficient Service</u>

The plaintiffs have filed proofs of service indicating that service has been made on the registered agent for service of process of each of the four defendants named in the amended complaint. Accordingly, I find no basis for dismissal of the complaint for insufficiency of process or insufficiency of service of process.

B.   <u>Personal Jurisdiction</u>

This Court has personal jurisdiction over a defendant in a diversity case if the defendant is within the reach of the Massachusetts long-arm statute, and if the exercise of personal jurisdiction comports with the due process requirements of the Fourteenth Amendment. <u>Ticketmaster-New York, Inc. v. Alioto</u>, 26 F.3d 201, 204 (1st Cir. 1994). The Massachusetts long-arm statute provides, in pertinent part, that its courts may exercise jurisdiction over a defendant if the plaintiff's cause of action arises from the defendant's "transacting any business in this commonwealth." Mass. Gen. Laws ch. 223A, § 3(a). The "transacting any business" requirement is broadly construed. <u>Tatro v. Manor Care, Inc.</u>, 625 N.E.2d 549, 551 (Mass. 1994). "Although an isolated (and minor) transaction with a Massachusetts resident may be insufficient, generally the purposeful and successful solicitation of business from residents of the Commonwealth, by a defendant or its agent, will suffice to satisfy this requirement." <u>Id</u>. at 551-52.

In August 2000, the plaintiffs went to the Rio for a vacation. After returning from their vacation in 2000, and continuing through 2001, the plaintiffs received promotional and marketing letters and brochures from the Rio in the mail at their home in Brewster, Massachusetts. These materials were designed to entice the plaintiffs to return to the Rio by providing information on special discounts and upcoming events. Because of these solicitations, the plaintiffs considered

returning to the Rio in the summer of 2002, and they told their houseguest, Nancy Griffin, that they wanted to return to the Rio but that they could not afford it. Through a third-party website, www.i4vegas.com, Griffin booked reservations for the plaintiffs to stay at the Rio from August 13 to August 20, 2002 as a gift for letting her stay at their home that summer free of charge. On August 14, 2002, while at the Rio, Mr. Calkins suffered the injuries which are the subject of this action. After the plaintiffs returned to Massachusetts from their second trip to the Rio, and continuing through 2003, Mr. Calkins continued to receive promotional materials from the defendants enticing him to return to the Rio, including vouchers which could only be redeemed at the defendants' properties in Las Vegas.

Because it appears from these facts that the defendants directed sales solicitations by mail directly to the plaintiffs in Massachusetts, I conclude that the defendants transacted business within Massachusetts for the purposes of the Massachusetts long arm statute, and that the plaintiffs' personal injury action arises out of the defendants' transaction of business in Massachusetts. I do not rely on the plaintiffs' ability to contact the defendants via an interactive website in finding that the defendants transacted business within the Commonwealth, though the maintenance of such web contacts is a fact in the whole array of facts that pertain to the question of the defendants' solicitation of business within Massachusetts.

The defendants' contacts with Massachusetts are also sufficient to satisfy due process requirements such that the exercise of personal jurisdiction over them does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Both before and after August 14, 2002, the defendants sent promotional materials and offers directly

3

to Mr. Calkins to entice him to return to the Rio, stay at the hotel, and gamble there. On August 14, 2002, Calkins was injured at the Rio while engaging in activities integral to the relationship the defendants sought to establish. Nowak v. Tak How Invs., Ltd., 94 F.3d 708, 715-16 (1st Cir. 1996). The defendants deliberately reached out to Mr. Calkins by sending promotional materials to him at his home in Massachusetts to lure him to the Rio. As such, they purposefully availed themselves of the privilege of conducting business activities in Massachusetts, Hanson v. Denckla, 357 U.S. 235, 253 (1958), and they could reasonably anticipate being haled into court here. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Finally, exercising personal jurisdiction over the defendants in this instance would not be fundamentally unfair. While litigating this matter in federal court in Massachusetts may be more convenient for the plaintiffs than for the defendants, the burden on the defendants of appearing in Massachusetts is not "onerous in a special, unusual, or other constitutionally significant way." Nowak, 94 F.3d at 718 (citation omitted). Massachusetts is a more convenient forum for the plaintiffs, and generally the plaintiffs' choice of forum is entitled to deference. Id.

Although Nevada has an interest in protecting from injury the many citizens and visitors who visit Las Vegas hotels and casinos, "Massachusetts has a strong interest in protecting its citizens from out-of-state solicitations for goods or services that prove to be unsafe, and it also has an interest in providing its citizens with a convenient forum in which to assert their claims." Id. (citation omitted). For all the foregoing reasons, I find that the exercise of personal jurisdiction over the defendants in this instance would be proper.[1]

---

[1] At this stage, I do not distinguish among the defendants. For purposes of the present motion to dismiss, the plaintiffs' allegations are sufficient to treat the defendants as sharing responsibility for the torts alleged.

4

C.  Forum Non Conveniens

The defendants do not argue that venue in this district is improper. See 28 U.S.C. § 1406(a). Rather, they urge dismissal based on the common law doctrine of forum non conveniens. This doctrine allows a court to dismiss an action when it would be so inconvenient and unfair to conduct the litigation in the chosen forum. Howe v. Goldcorp Invs., Ltd., 946 F.2d 944, 947 (1st Cir. 1991). It is meant to avoid "serious unfairness" and the plaintiffs' choice of forum should rarely be disturbed. Nowak, 94 F.3d at 719 (citations omitted). The defendant must demonstrate both the availability of an adequate alternative forum and that considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum. Mercier v. Sheraton Int'l, Inc., 935 F.2d 419, 423-24 (1st Cir. 1991). "Dismissal has the practical effect of requiring the plaintiff[s] to file [their] complaint in a more convenient forum elsewhere." Howe, 946 F.2d at 947.

I am not persuaded that dismissal based on the doctrine of forum non conveniens is proper in this instance. While the District of Nevada would be an adequate alternative forum for this action, the relevant material factors do not strongly favor litigating this action in that district. Some of the potential witnesses are in Nevada and some are in Massachusetts. The defendants can procure the appearance of their employees and documents, and unwilling witnesses can be subpoenaed. The defendants are also in a better position to absorb costs of litigating in Massachusetts, versus the financial hardship the plaintiffs would incur litigating in Nevada.

The citizens of Nevada have no greater interest in the outcome of this case than the many tourists and guests who visit the Rio from all over the country, including Massachusetts. As this case is not particularly complex, a personal view of the premises at issue is not necessary and the Court will not have a problem applying Nevada negligence law. Lastly, there are no administrative

difficulties flowing from court congestion in this district which counsel against keeping the case here. A trial can be scheduled anytime the parties are ready.

D. <u>Failure to State a Claim for Negligent Hiring, Training, Supervision, or Retention</u>

The amended complaint adequately pleads claims for negligent hiring, training, supervision or retention under Nevada law. <u>See</u> <u>Hall v. SSF, Inc.</u>, 930 P.2d 94, 98-99 (Nev. 1996). That does not necessarily mean these claims will have any continued viability at summary judgment or at trial, but as pled, they are sufficient to survive a motion to dismiss.

E. <u>Conclusion</u>

For all the foregoing reasons, the defendants' motions to dismiss (docket nos. 3, 10, and 22) are DENIED.

It is SO ORDERED.

_January 27, 2005_
DATE

_/s/ [signature]_
DISTRICT JUDGE