UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY W. CALKINS and<br>CHRISTINE A. CALKINS,<br><br>    Plaintiffs,<br>v.<br><br>HARRAH'S ENTERTAINMENT, INC.,<br>HARRAH'S OPERATING COMPANY,<br>INC., RIO PROPERTIES, INC., RIO<br>HOTEL & CASINO, INC. d/b/a RIO<br>ALL-SUITE HOTEL & CASINO and the<br>RIO,<br><br>    Defendants. | Civil Action No. 04-12044-GAO |

## **STIPULATED PROTECTIVE ORDER**

It is hereby stipulated and agreed by and between counsel for the parties that the terms and conditions of this Stipulated Protective Order shall be applicable to and govern any and all depositions, documents and any other tangible things produced in response to requests for production thereof, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as any other information exchanged by the parties in the above-captioned action (hereinafter "this Action") or produced by a third-party witness which the disclosing party designates as confidential.

It is hereby ORDERED as follows:

1. <u>Scope</u>.  This Protective Order shall apply to all information, documents and things subject to discovery in this action produced either by a party or a non-party in response to or in connection with any discovery conducted in this action, including without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to

interrogatories, documents and things produced (including documents and things produced to the receiving party for inspection and documents and things provided to the receiving party, whether in the form of originals or copies), information obtained from inspection of premises or things, and answers to request for admission as well as any and all copies, abstracts, digests, notes and summaries thereof (collectively referred to as "Discovery Materials").

    2.    <u>Designation of Confidentiality</u>. Any party to this action and any person producing Discovery Material in connection with this action may designate as "Confidential" any Discovery Material that has been maintained as confidential and contains a trade secret or other confidential information. No designation shall be made unless counsel for the party producing the Discovery Material believes in good faith that the designated material is entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure. Discovery Material may be designated as Confidential Material within the meaning of this Protective Order in the following ways:

    a.    In the case of documents and the information contained therein, designation shall be made by means of the following legend placed on any such document: "CONFIDENTIAL."

    b.    In the case of interrogatory answers and the information contained therein, designation shall be made by means of a statement in each answer specifying the answer or part thereof designated as Confidential Material or by means of a statement at the conclusion of such answers specifying the answers or parts thereof designated as Confidential Material. The following legend shall be placed on the front of any set of interrogatory answers containing Confidential Material: "CONTAINS CONFIDENTIAL MATERIAL. Designated parts not to be used, copied or disclosed except as authorized by court order."

c.  All testimony given at a deposition and each transcript of a deposition shall be presumptively treated as Confidential Material for a period of thirty-five (35) days following receipt of a transcript of the deposition. Within said thirty-five (35) days, counsel for any party to this action and/or counsel for the deponent may designate certain, if any, pages of the transcript as "Confidential" by notifying all counsel of record in writing of said designation, and thereafter such pages shall be treated as Confidential Material. Counsel for each party shall be responsible for making the designated exhibits and pages of copies of the transcript in their possession with the legend specified in paragraph 2(a) above. Testimony given at a deposition may also be so designated by an appropriate statement at the time of the giving of the testimony. If no such designation is made by counsel within thirty-five (35) days after receipt of the transcript by counsel for the deponent, the transcript shall be considered not to contain Confidential Material. Use at deposition of a document previously designated as Confidential Material shall have no effect on its designation.

d.  It is preferred that the designation of Confidential Material shall be made prior to, or contemporaneously with, the production or disclosure of the information. A party or non-party having produced or disclosed information without designating it Confidential Material may later designate such information as Confidential Material by giving appropriate notice. Under such circumstances, however, no receiving party shall have any obligation or liability due to any disclosure of the information which occurred prior to the receipt of such notice.

3.  Use of Confidential Material. Confidential Material shall be used by the receiving person solely for the purpose of conducting this Action, but not for any business or other purpose whatsoever, whether directly or indirectly. Nothing contained in this Protective

Order shall preclude a party or non-party from using or disseminating its own Confidential Material.

4. <u>Disclosure of Confidential Material</u>. Confidential Material shall not be made public or disclosed to anyone other than to the following persons:

a. The parties to this action;

b. Outside counsel and in house counsel actively involved in the above-entitled litigation, and legal assistants, investigative, litigation support services, secretarial and clerical personnel who are engaged in assisting counsel in the above-entitled action;

c. Experts retained to testify or consult regarding this case, including employees and assistants under the control of such an expert, who (1) is engaged by counsel in this litigation, whether or not such expert is paid directly by a party, (2) is not regularly employed by or associated with a party hereto and whose advice and consultations are being or will be used by a party hereto only in connection with this action, and (3) has read this Protective Order and signed an undertaking in the form of <u>Exhibit A</u> attached hereto;

d. Any person who authored or has previously received the particular Confidential Material sought to be disclosed to that person, but only after that person has read this Protective Order and signed an undertaking in the form of <u>Exhibit A</u> attached hereto;

e. No more than two officers of each party (in addition to in-house counsel who are referenced in subparagraph 4.a above), after such officers have read this Protective Order and executed an undertaking in the form attached as <u>Exhibit A</u>, provided that such officers review the Confidential Material only for the purpose of becoming informed of information that may be relevant to decisions such officers may make in connection with this action;

  f. Trial or deposition witnesses (including such witnesses whom any party reasonably believes will be required to testify at trial and/or deposition), in preparation for and/or during testimony, to the extent necessary in good faith to obtain needed discovery or testimony, but only after that person has read this Protective Order and signed an undertaking in the form of <u>Exhibit A</u> attached hereto

  g. Any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony.

  5. <u>Rendering Advice of Counsel</u>.  Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this case.

  6. <u>Objections to Designations</u>.  The failure of any party to object to the designation of information as "Confidential" at the time of its designation shall not be deemed a waiver of its right to challenge the propriety of such designation at any time thereafter.  Should counsel object to the designation by a party of any information as "Confidential," counsel shall notify opposing counsel of the objections.  If notice of such objection is received at any time, counsel shall promptly confer in an attempt to resolve the matter.  If the matter remains unresolved, objecting counsel may then apply to the Court for a determination of whether the designation should be removed.  If no such application is made, the material will remain as designated.  Any information which has been produced and designated as "Confidential" but which is subject to a dispute as to its proper designation, shall, under order of the Court, be treated as "Confidential" pending resolution of the dispute.

  This Protective Order shall not foreclose a party from moving this Court for an order that Confidential Material within the meaning of this Protective Order is, in fact, not confidential or otherwise protected under Federal Rule of Civil Procedure 26(c).  In addition, this Protective

Order shall not prevent a party from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order, subject to the approval of the Court.

7.  <u>Use of Confidential Material</u>. Nothing contained in this Protective Order shall be construed to prejudice any party's right to use in open Court any information or documents covered by this Protective Order. Any party submitting Confidential Material to the Court shall identify such information as being subject to this Protective Order and shall make reasonable efforts to provide sufficient notice to allow any party claiming said documents are confidential to request that the Confidential Material be impounded by the Court, pursuant to Local Rule 7.2. If the Court grants the motion for impoundment, such Confidential Material shall be filed with the Clerk of the Court in sealed envelopes marked with the caption of the case and the notation "CONTAINS CONFIDENTIAL INFORMATION TO BE OPENED ONLY AS DIRECTED BY THE COURT," or as otherwise directed by the Court.

8.  <u>Inadvertent Disclosures</u>. The inadvertent or mistaken production of documents subject to the attorney client privilege or work product doctrine shall not constitute a general or specific waiver of the right of the party that made the production to contend that such information or documents are protected from discovery by the attorney client privilege or work product doctrine and to seek the return of such documents. In the event that a party makes an inadvertent or mistaken disclosure of such information or documents, the party that made the disclosure shall promptly notify the other party of the disclosure, as soon as possible after it has discovered that it made the disclosure, shall specifically identify the documents that were inadvertently or mistakenly disclosed by Bates number. The party that received the documents must return all copies of the documents, and thereafter may not use the documents in any manner unless permission from this Court to use such documents has been granted. Nothing in this

paragraph precludes the party who received the documents from claiming that the documents are not privileged or subject to the work product doctrine. The term "inadvertent" shall mean inattentive, thoughtless, careless, or negligent, but not grossly negligent.

    9.    <u>Secure Storage</u>. The recipient of information, documents or things in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination (including dissemination to persons identified in paragraph 4) of such information, documents or things.

    10.    <u>Preservation of Rights and Privileges</u>. Nothing contained in this Protective Order shall affect the right, if any, of any party or non-party to make any other type of objection, claim, or other response to interrogatories, to requests for production of documents or to any questions at a deposition. Nor shall this Protective Order be construed as a waiver by any party or non-party of any legally cognizable privilege to withhold any Discovery Material, or of any right which any party or non-party may have to assert such privilege at any stage of the proceedings.

    11.    <u>Return of Materials</u>. Within thirty (30) days after the conclusion of the above-entitled action, including, without limitation, any appeal or retrial (or in the event that another action is then pending involving plaintiff and defendant, thirty (30) days after the conclusion of that action), all Confidential Material shall be returned to counsel who produced it. Alternatively, the Confidential Material can be destroyed, in which case the party destroying it shall certify that it has been destroyed. As to those materials which contain or reflect Confidential Material, but which constitute or reflect counsel's work product, all such work product may be maintained by counsel, but such work product shall be used only for the purpose of preserving a file on this action and shall not, without written permission of the party that disclosed the Confidential Material or an Order of the Court, be disclosed to anyone other than

those to whom such information was actually disclosed in accordance with this Protective Order during the course of this action. Counsel retaining court reporters shall have the responsibility for ensuring their compliance with this paragraph and shall notify opposing counsel when compliance is complete. Nothing herein shall require the return or destruction of pleadings or other papers filed with the Court or served by the parties, even of those pleadings or papers contain or reflect Confidential Information; any such pleadings or papers not returned or destroyed remain subject to the provisions of this Order.

12. <u>Duration of Protective Order</u>. This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court made upon reasonable written request. Participation by any party in the execution and implementation of this Protective Order, as well as any action undertaken pursuant to its provisions, shall not be deemed to constitute a submission by any party to the jurisdiction or venue of this Court and shall not waive the right of any party to challenge the sufficiency of service of process, jurisdiction, or venue of this Court.

| TIMOTHY W. CALKINS and<br>CHRISTINE A. CALKINS | HARRAH'S ENTERTAINMENT, INC.,<br>HARRAH'S OPERATING COMPANY,<br>INC., RIO PROPERTIES, INC.,<br>RIO HOTEL & CASINO, INC.,<br>D/B/A RIO ALL-SUITE HOTEL &<br>CASINO AND THE RIO, |
|---|---|
| By their attorneys, | |
| | By their attorneys, |
| /s/ Jeffrey N. Catalano | |
| Christopher R. O'Hara (BBO # 548611)<br>Jeffrey N. Catalano (BBO # 567798)<br>TODD & WELD LLP<br>28 State Street, 31st Floor<br>Boston, MA 02109<br>(617) 720-2626 | /s/ Scott McConchie |
| | Ann Pauly (BBO # 546197)<br>Scott McConchie (BBO # 634127)<br>Griesinger, Tighe & Maffei, LLP<br>176 Federal Street<br>Boston, MA 02110 |
| Dated: October 18, 2005 | (617) 542-9900 |

**IT IS SO ORDERED:**

October 19, 2005 /s/ George A. O'Toole, Jr
_____  _____
Date Honorable George A. O'Toole, Jr.
United States District Judge
United States District Court
District of Massachusetts