UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TIMOTHY W. CALKINS and )
CHRISTINE A. CALKINS, )
  )
    Plaintiffs, )
  )
v. ) Civil Action No. 04-12044-GAO
  )
HARRAH'S ENTERTAINMENT, INC., )
HARRAH'S OPERATING COMPANY, )
INC., RIO PROPERTIES, INC., RIO )
HOTEL & CASINO, INC. d/b/a RIO )
ALL-SUITE HOTEL & CASINO and the )
RIO, )
  )
    Defendants. )

## PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PRE-TRIAL DISCLOSURES

In accordance with Fed. R. Civ. P. 26 (a)(3)(C) and Local Rule 16.5(C), the plaintiffs make the following objections to the defendants Pre-Trial Disclosures.

### I. WITNESSES

The plaintiffs object to the defendants' designation of plaintiffs' counsel Jeffrey Catalano, Esq., Christopher O'Hara, Esq., and a former paralegal of Todd & Weld LLP, Lisa McGonagle as witnesses. There is absolutely no basis for listing plaintiffs' trial counsel and a former paralegal of plaintiffs' counsel's firm as witnesses at trial and should be stricken from their list. To the extent that the defendants intend to do so, the plaintiffs request that the defendants promptly identify any and all bases for listing them so that an appropriate pre-trial motion can then be filed with the Court.

II.  **DOCUMENTS**

**Tax Returns for the Plaintiffs**

The plaintiffs object to the introduction of these documents at trial on the bases that they are irrelevant and not probative of any matter in this case. The plaintiffs do not intend to pursue a claim for lost wages or lost earning capacity at trial. Therefore, any probative value they may have is outweighed by the prejudicial effect on the plaintiffs. Furthermore, these documents are likely to confuse and mislead the jury and are inadmissible at trial.

**Exhibits (or relevant portions thereof) from the depositions of Christine and Timothy Calkins**

The plaintiffs object to these documents on the bases that all or part of each document is inadmissible for the following reasons:

2 – The plaintiffs object to the introduction of these documents at trial on the bases that they are irrelevant and not probative of any matter in this case. The plaintiffs do not intend to pursue a claim for lost wages or lost earning capacity at trial. Therefore, any probative value they may have is outweighed by the prejudicial effect on the plaintiffs. Furthermore, these documents are likely to confuse and mislead the jury and are inadmissible at trial.

3 – The plaintiffs object to the introduction of these documents (2002 U.S. Tax Returns) at trial on the bases that they are irrelevant and not probative of any matter in this case. The plaintiffs do not intend to pursue a claim for lost wages or lost earning capacity at trial. Therefore, any probative value they may have is outweighed by the prejudicial effect on the plaintiffs. Furthermore, these documents are likely to confuse and mislead the jury and are inadmissible at trial.

**4** – The plaintiffs object to the introduction of this document (March 8, 2002 Letter from a Dentist's Office to the Calkins) at trial on the bases of hearsay, relevance, and lack of foundation. Furthermore, any probative value it may have is outweighed by the prejudicial effect on the plaintiffs. In addition, this document is likely to confuse and mislead the jury.

**6** – The plaintiffs object to the introduction of this document (Rio Computer Printout of Complimentary Food/Beverage) at trial on the bases of hearsay, relevance, and lack of foundation. Furthermore, any probative value it may have is outweighed by the prejudicial effect on the plaintiffs. In addition, this document is likely to confuse and mislead the jury.

**7** – The plaintiffs object to the introduction of this document (Rio Spa Menu) at trial on the bases of hearsay, relevance, and lack of foundation. Furthermore, any probative value it may have is outweighed by the prejudicial effect on the plaintiffs. In addition, this document is likely to confuse and mislead the jury.

**9** – The plaintiffs object to the introduction of this document (1994 Excerpt of T. Calkins Medical Record) at trial on the bases of hearsay, relevance, and lack of foundation. Furthermore, any probative value it may have is outweighed by the prejudicial effect on the plaintiffs. In addition, this record is inadmissible in that it contains information protected by physician-patient confidentiality. In addition, these medical entries cannot be understood without explanation by a competent witness and may invite speculation and to the extent that this record does not comply with the requirements for admissibility of medical records. In addition, this document is likely to confuse and mislead the jury.

**10** – The plaintiffs object to the introduction of this document (June 20, 1994 Unidentified Handwritten Note Re: Doctors' Letter) at trial on the bases of hearsay, relevance, and lack of foundation. Furthermore, any probative value it may have is outweighed by the prejudicial effect on the plaintiffs. In addition, this record is inadmissible in that it contains information protected by physician-patient confidentiality. In addition, these medical entries cannot be understood without explanation by a competent witness and may invite speculation and to the extent that this record does not comply with the requirements for admissibility of medical records. In addition, this document is likely to confuse and mislead the jury.

**11** - The plaintiffs object to the introduction of this document (C. Calkins Letter Re: T. Calkins' Foot Problem) at trial on the bases of hearsay, relevance, and lack of foundation. Furthermore, any probative value it may have is outweighed by the prejudicial effect on the plaintiffs. In addition, this document is likely to confuse and mislead the jury.

**12** - The plaintiffs object to the introduction of this document (April 1997 Dr.'s Office Note) at trial on the bases of hearsay, relevance, and lack of foundation. Furthermore, any probative value it may have is outweighed by the prejudicial effect on the plaintiffs. In addition, this record is inadmissible in that it contains information protected by physician-patient confidentiality. In addition, these medical entries cannot be understood without explanation by a competent witness and may invite speculation and to the extent that this record does not comply with the requirements for admissibility of medical records. In addition, this document is likely to confuse and mislead the jury.

**13** - The plaintiffs object to the introduction of this document (December 1997 Office Visit Note) at trial on the bases of hearsay, relevance, and lack of foundation. Furthermore, any probative value it may have is outweighed by the prejudicial effect on the plaintiffs. In addition, this record is inadmissible in that it contains information protected by physician-patient confidentiality. In addition, these medical entries cannot be understood without explanation by a competent witness and may invite speculation and to the extent that this record does not comply with the requirements for admissibility of medical records. In addition, this document is likely to confuse and mislead the jury.

**14** - The plaintiffs object to the introduction of this document (December 1997 Dr.'s Letter Re: Left Foot) at trial on the bases of hearsay, relevance, and lack of foundation. Furthermore, any probative value it may have is outweighed by the prejudicial effect on the plaintiffs. In addition, this record is inadmissible in that it contains information protected by physician-patient confidentiality. In addition, these medical entries cannot be understood without explanation by a competent witness and may invite speculation and to the extent that this record does not comply with the requirements for admissibility of medical records. In addition, this document is likely to confuse and mislead the jury.

**15** – The plaintiffs object to the introduction of this document (February 2000 Note Re: Patient Phone Call from C. Calkins) at trial on the bases of hearsay, relevance, and lack of foundation. Furthermore, any probative value it may have is outweighed by the prejudicial effect on the plaintiffs. In addition, this record is inadmissible in that it contains information protected by physician-patient confidentiality. In addition, these medical entries cannot be understood without explanation by a competent witness and

may invite speculation and to the extent that this record does not comply with the requirements for admissibility of medical records. In addition, this document is likely to confuse and mislead the jury.

**16** – The plaintiffs object to the introduction of this document (September 11, 2001 MassHealth Enrollment Form) at trial on the bases of hearsay, relevance, and lack of foundation. Furthermore, any probative value it may have is outweighed by the prejudicial effect on the plaintiffs. In addition, this document is likely to confuse and mislead the jury.

**17** – The plaintiffs object to the introduction of this document (Notes of Doctor's-Seen Re: Foot treatment) at trial on the bases of relevance and lack of foundation. Furthermore, any probative value it may have is outweighed by the prejudicial effect on the plaintiffs. In addition, this document is likely to confuse and mislead the jury.

**18** – The plaintiffs object to the introduction of this document (Undated Note of Names of Two Physicians) at trial on the bases of relevance and lack of foundation. Furthermore, any probative value it may have is outweighed by the prejudicial effect on the plaintiffs. In addition, this document is likely to confuse and mislead the jury.

**19** – The plaintiffs object to the introduction of this document (Referral Sheet) at trial on the bases of relevance and lack of foundation. Furthermore, any probative value it may have is outweighed by the prejudicial effect on the plaintiffs. In addition, this document is likely to confuse and mislead the jury.

**20/49** - The plaintiffs object to the introduction of this document (Dr. Birbiglia's September 2002 Letter Referencing Litigation and Patient Symptoms) at trial on the bases of relevance and lack of foundation. Furthermore, any probative value it may have

is outweighed by the prejudicial effect on the plaintiffs. In addition, this document is likely to confuse and mislead the jury

**22** – The plaintiffs object to the introduction of this document (2001 Deposits/Expenses) at trial on the bases of relevance and lack of foundation. Furthermore, any probative value it may have is outweighed by the prejudicial effect on the plaintiffs. In addition, this document is likely to confuse and mislead the jury.

**23** – The plaintiffs object to the introduction of this document (July 2002 T. Calkins' Note) at trial on the bases of relevance and lack of foundation. Furthermore, any probative value it may have is outweighed by the prejudicial effect on the plaintiffs. In addition, this document is likely to confuse and mislead the jury.

**24** – The plaintiffs object to the introduction of these documents (2003 U.S. Tax Returns) at trial on the bases that they are irrelevant and not probative of any matter in this case. The plaintiffs do not intend to pursue a claim for lost wages or lost earning capacity at trial. Therefore, any probative value they may have is outweighed by the prejudicial effect on the plaintiffs. Furthermore, these documents are likely to confuse and mislead the jury and are inadmissible at trial.

**25** – The plaintiffs object to the introduction of these documents (2004 U.S. Tax Returns) at trial on the bases that they are irrelevant and not probative of any matter in this case. The plaintiffs do not intend to pursue a claim for lost wages or lost earning capacity at trial. Therefore, any probative value they may have is outweighed by the prejudicial effect on the plaintiffs. Furthermore, these documents are likely to confuse and mislead the jury and are inadmissible at trial.

**26** - The plaintiffs object to the introduction of these documents (1999 U.S. Tax Returns) at trial on the bases that they are irrelevant and not probative of any matter in this case. The plaintiffs do not intend to pursue a claim for lost wages or lost earning capacity at trial. Therefore, any probative value they may have is outweighed by the prejudicial effect on the plaintiffs. Furthermore, these documents are likely to confuse and mislead the jury and are inadmissible at trial.

**27** - The plaintiffs object to the introduction of these documents (July 2005 Urinalysis) at trial on the bases that they are irrelevant and not probative of any matter in this case. The plaintiffs do not intend to pursue a claim for lost wages or lost earning capacity at trial. Therefore, any probative value they may have is outweighed by the prejudicial effect on the plaintiffs. Furthermore, these documents are likely to confuse and mislead the jury and are inadmissible at trial.

**29** - The plaintiffs object to the introduction of this document (Plaintiff's Medications (Undated)) at trial on the bases of relevance and lack of foundation. Furthermore, any probative value it may have is outweighed by the prejudicial effect on the plaintiffs. In addition, this document is likely to confuse and mislead the jury.

**34** - The plaintiffs object to the introduction of this document (August 2002 Medical Record Note) at trial on the bases of hearsay, relevance, and lack of foundation. Furthermore, any probative value it may have is outweighed by the prejudicial effect on the plaintiffs. In addition, this record is inadmissible in that it contains information protected by physician-patient confidentiality. In addition, these medical entries cannot be understood without explanation by a competent witness and may invite speculation

and to the extent that this record does not comply with the requirements for admissibility of medical records. In addition, this document is likely to confuse and mislead the jury.

**36** - The plaintiffs object to the introduction of this document (September/October 2002 Medical Record with Extraneous Irrelevant Entries) at trial on the bases of hearsay, relevance, and lack of foundation. Furthermore, any probative value it may have is outweighed by the prejudicial effect on the plaintiffs. In addition, this record is inadmissible in that it contains information protected by physician-patient confidentiality. In addition, these medical entries cannot be understood without explanation by a competent witness and may invite speculation and to the extent that this record does not comply with the requirements for admissibility of medical records. In addition, this document is likely to confuse and mislead the jury.

**37** - The plaintiffs object to the introduction of this document (September 2002 Referral Re: Unrelated Medical Condition) at trial on the bases of hearsay, relevance, and lack of foundation. Furthermore, any probative value it may have is outweighed by the prejudicial effect on the plaintiffs. In addition, this record is inadmissible in that it contains information protected by physician-patient confidentiality. In addition, these medical entries cannot be understood without explanation by a competent witness and may invite speculation and to the extent that this record does not comply with the requirements for admissibility of medical records. In addition, this document is likely to confuse and mislead the jury.

**38** – The plaintiffs object to the introduction of this document (October 2002 Medical Record Re: Unrelated, Irrelevant Medical Treatment) at trial on the bases of hearsay, relevance, and lack of foundation. Furthermore, any probative value it may have

is outweighed by the prejudicial effect on the plaintiffs. In addition, this record is inadmissible in that it contains information protected by physician-patient confidentiality. In addition, these medical entries cannot be understood without explanation by a competent witness and may invite speculation and to the extent that this record does not comply with the requirements for admissibility of medical records. In addition, this document is likely to confuse and mislead the jury.

**39** – The plaintiffs object to the introduction of this document (November 1996 Letter Re: T. Calkins' Foot) at trial on the bases of hearsay, relevance, and lack of foundation. Furthermore, any probative value it may have is outweighed by the prejudicial effect on the plaintiffs. In addition, this record is inadmissible in that it contains information protected by physician-patient confidentiality. In addition, these medical entries cannot be understood without explanation by a competent witness and may invite speculation and to the extent that this record does not comply with the requirements for admissibility of medical records. In addition, this document is likely to confuse and mislead the jury.

**40** – The plaintiffs object to the introduction of this document (September 1999 Excerpt of Unrelated Medical Treatment) at trial on the bases of hearsay, relevance, and lack of foundation. Furthermore, any probative value it may have is outweighed by the prejudicial effect on the plaintiffs. In addition, this record is inadmissible in that it contains information protected by physician-patient confidentiality. In addition, these medical entries cannot be understood without explanation by a competent witness and may invite speculation and to the extent that this record does not comply with the

requirements for admissibility of medical records. In addition, this document is likely to confuse and mislead the jury.

41 – The plaintiffs object to the introduction of this document (1999 Treatment Record of Unrelated Condition) at trial on the bases of hearsay, relevance, and lack of foundation. Furthermore, any probative value it may have is outweighed by the prejudicial effect on the plaintiffs. In addition, this record is inadmissible in that it contains information protected by physician-patient confidentiality. In addition, these medical entries cannot be understood without explanation by a competent witness and may invite speculation and to the extent that this record does not comply with the requirements for admissibility of medical records. In addition, this document is likely to confuse and mislead the jury.

42 – The plaintiffs object to the introduction of this document (Plumbing Records) at trial on the bases of relevance and lack of foundation. Furthermore, any probative value it may have is outweighed by the prejudicial effect on the plaintiffs. In addition, this document is likely to confuse and mislead the jury.

47 – The plaintiffs object to the introduction of this document (August 2002 Rio Phone Log) at trial on the bases of hearsay, relevance and lack of foundation. Furthermore, any probative value it may have is outweighed by the prejudicial effect on the plaintiffs. In addition, this document is likely to confuse and mislead the jury.

48 – The plaintiffs object to the introduction of this document (May 20, 1999 Letter from Michael B. Roman to T. Calkins) at trial on the bases of hearsay, relevance and lack of foundation. Furthermore, any probative value it may have is outweighed by

the prejudicial effect on the plaintiffs. In addition, this document is likely to confuse and mislead the jury.

### Portions of the medical records subpoenaed from the medical providers for Timothy Calkins

This description is vague and ambiguous and fails to comport with Fed. R.Civ. P. 26 (a)(3)(C) in that it does not provide an "appropriate identification of each document or other exhibit"as well as FRE 902(11) and 803(6). Additionally, these documents are irrelevant and contain hearsay. The plaintiffs also intend to object to certain of the medical records that are unrelated to the injuries the plaintiff sustained from the defendants' negligent conduct. In particular, the plaintiffs intend to object to medical records of plaintiff's pre-existing treatment of matters not at all germane to this action. Such records should be excluded on the bases of relevance and lack of foundation and on the grounds that certain entries in such medical records cannot be understood without explanation by a competent witness, and/or may invite improper speculation.

### Invoices and records from or concerning the plaintiffs' plumbing business

This description is vague and ambiguous and fails to comport with Fed. R.Civ. P. 26 (a)(3)(C) in that it does not provide an "appropriate identification of each document or other exhibit". The plaintiffs also object to the introduction of these documents at trial on the bases that they are irrelevant and not probative of any matter in this case. The plaintiffs do not intend to pursue a claim for lost wages or lost earning capacity at trial. Therefore, any probative value they may have is outweighed by the prejudicial effect on the plaintiffs. Furthermore, these documents are likely to confuse and mislead the jury and are inadmissible at trial.

The plaintiffs reserve the right to supplement the above objections, and to assert additional objections during the course of the trial.

Respectfully Submitted,

The Plaintiffs;

TIMOTHY W. CALKINS and
CHRISTINE A. CALKINS,
By their attorneys,


 /s/ Christopher R. O'Hara
Christopher R. O'Hara, Esq.(BBO# 548611)
Jeffrey N. Catalano, Esq. (BBO# 567798)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626

Dated: November 3, 2006