UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

|  |  |
|---|---|
| TIMOTHY W. CALKINS and CHRISTINE A. CALKINS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| HARRAH'S ENTERTAINMENT, INC., HARRAH'S OPERATING COMPANY, INC., RIO PROPERTIES, INC., RIO HOTEL & CASINO, INC. d/b/a RIO ALL-SUITE HOTEL & CASINO and the RIO, | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action No. 04-12044-GAO

_____

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR ASSENTED TO MOTION TO CONTINUE TRIAL

### FACTUAL BACKGROUND

This is a personal injury action in which the Plaintiffs allege that, on or about August 14, 2002, Mr. Calkins sustained substantial injuries to his head and neck at the Rio All-Suite Hotel & Casino in Las Vegas, Nevada. The Plaintiffs allege that, unbeknownst to Mr. Calkins, one of Rio's employees removed a chair from behind him before he went to sit down on it while he was playing Roulette in the casino. The Plaintiffs further allege that Mr. Calkins lost his balance and struck his head and neck forcefully on a Roulette table behind him, resulting in severe pain, cognitive defects, and long-term injuries including neck and shoulder pain and headaches.

The Defendants dispute all allegations of negligence and assert that none of their actions or inactions in any way caused or contributed to the Plaintiffs' fall and dispute his allegations of injuries and his wife's allegations of loss of consortium.

### ARGUMENT

A continuance of trial is warranted when a witness is unavailable if a party demonstrates that (1) due diligence was exercised to obtain the attendance of the witness; (2) the witness would tender substantial favorable evidence; (3) the witness will be available and willing to testify; and (4) denial of the continuance would materially prejudice the movant. See United States of America v. Olaniyi-Oke, 199 F.3d 767, 771 (3rd Cir. 1099). A continuance also should be granted where the continuance is brief and would cause only minimal inconvenience. See United States of America v. Soldevila-Lopez, 17 F.3d 480, 490 (1st Cir. 1994).

In this case, all of the elements in favor of continuing trial have been met. The trial in this matter was re-scheduled for December 4, 2006 by the Court at a status conference on July 25, 2006.[1] (See Notice, attached as Exhibit A.) Thereafter, Plaintiffs' counsel informed Dr. Achilles Papavasiliou (who is Mr. Calkins' treating neurosurgeon and expert) of the new trial date. (See Aff. of Jeffrey N. Catalano, attached as Exhibit B.)

Unfortunately, however, this date contradicted with personal time off that Dr. Papavasiliou had previously scheduled at the beginning of the year. Once the conflict was discovered in mid-October, Plaintiffs' counsel and Defense counsel tried to arrange a mutually convenient date on which Dr. Papavasiliou's testimony could be taken via videotape prior to trial. Regrettably, no mutually convenient date is available before

---

[1] The original trial date was November 13, 2006.

December 4, 2006 on which Dr. Papavasiliou is also available.  (See Aff. of Jeffrey N. Catalano, attached as Exhibit B.)

Additionally, Dr. Papavasiliou has a very busy practice and is in surgery three days a week.  He sees on average twenty patients each of the two days when he is not in surgery.  Therefore, if he were forced to cancel appointments and surgeries in order to testify before trial, it would be very disruptive (if not harmful) to the lives of those many patients who are scheduled to see him.  (See Aff. of Jeffrey N. Catalano, attached as Exhibit B.)

Most importantly, Dr. Papavasiliou is a critical expert witness for the Plaintiffs. He has treated Mr. Calkins for his neck injuries since the time of the accident.  He will testify that Mr. Calkins suffers cervical disc bulges and neck pain over the past several years that are directly and proximately related to the fall he had in August 2002.  (See Expert Letter of Dr. Papavasiliou, attached as Exhibit C.)  The Plaintiffs have not retained another neurosurgeon who will testify to these same issues.

Therefore, the Plaintiffs, after conferring with Dr. Papavasiliou and with Defense counsel, request that trial be re-scheduled. Of note, the parties expect a trial of five to seven days.

Respectfully Submitted,

The Plaintiffs;

TIMOTHY W. CALKINS and
CHRISTINE A. CALKINS,
By their attorneys,


  /s/  Jeffrey N. Catalano
Christopher R. O'Hara, Esq. (BBO# 548611)
Jeffrey N. Catalano, Esq. (BBO# 567798)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626
jcatalano@toddweld.com

**Assented to:**

The Defendants,

HARRAH'S ENTERTAINMENT, INC.,
HARRAH'S OPERATING COMPANY,
INC., RIO PROPERTIES, INC.,
RIO HOTEL & CASINO, INC.,
D/B/A RIO ALL-SUITE HOTEL &
CASINO AND THE RIO,
By their attorney,

  /s/  Ann Pauly
Ann Pauly, Esq. (BBO #546197)
Scott McConchie, Esq., (BBO # 634127)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA  02110
(617) 542-9900
apauly@gtmllp.com

 Dated:  November 14, 2006

4